IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK REYES,

    Petitioner,

v.                                                                                                                                         No. CIV 07-1213 BB/LFG

GEORGE TAPIA,

    Respondent.

### Memorandum Opinion and Order

THIS MATTER is before the Court on Petitioner Mark Reyes' ("Reyes") "Motion for Injunction," filed January 2, 2008. [Doc. 8.] In the motion, Reyes asks the Court to issue an order directing the corrections facility to place Reyes in a "level 1 facility for the duration of my petitions filed to [this Court] and the Fifth Judicial District Court on my conviction." [Doc. 8.] Reyes requests, in the alternative, that he be released on house arrest, in his own recognizance or to the custody of a third-party.

Reyes' request that he be placed in a "level 1 facility" during the pendency of any petitions he files with various court must be brought under Bivens or Section 1983. Section 2254 petitions, such as that brought by Reyes [Doc. 1], are used to challenge a claim that the applicant for a writ of habeas corpus is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Inmate requests or challenges to placement within a given correctional facility are not cognizable under § 2254, and are typically brought as § 1983 actions. Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (*citing* McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811-12

(10th Cir. 1997), *cert. denied*, 531 U.S. 1083 (10th Cir. 2001). Thus, Reyes' request for injunctive relief, as it applies to placement in a correctional facility, is denied.

Reyes' alternative request to be released on house arrest, under his own recognizance or to the custody of a relative must also be denied. A district court has inherent power to grant release on bail to a habeas petitioner who is properly before the court contesting the legality of his custody. Ostrer v. United States, 584 F.2d 594, 597 n. 1 (2d Cir. 1978); Baker v. Sard, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969) (discussing a § 2255 petition). However, such power must be used sparingly. Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985). Moreover, "[t]he eligibility of habeas petitioner for bail is not on the same footing as that of a pretrial accused who is presumptively innocent, or that of a convicted defendant on direct appeal, both of whom have a right to bail unless the court finds an undue risk of flight and undue risk of danger to the community. . . . " Ostrer, 584 F.2d at 599.

A habeas petitioner (who has been tried, convicted and sentenced by a court of law) will be granted release while his habeas motion is pending only if "in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.'" Id. (*quoting* Aronson v. May, 85 S.Ct. 3, 5 (1964) (internal citations omitted). "[A] habeas petitioner should be granted bail only in 'unusual cases,' or when 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Ostrer, 584 F.2d at 597 n. 1 (internal citations omitted).

Here, Reyes does not provide any evidence that his is the "unusual case" or that "extraordinary or exceptional circumstances exist" that would warrant release pending a decision in

his habeas petition(s).  In addition, he supplies no basis to grant injunctive relief.  *See, e.g.,* <u>Sprint Spectrum v. State Corp. Com'n of State of Kan.</u>, 149 F.3d 1058, 1060 (10th Cir. 1998) (setting out requirements for preliminary injunctive relief).

    IT IS THEREFORE ORDERED that Reyes' Motion for Injunction [Doc. 8] is DENIED.

                                          */s/ Bruce D. Black*
                                          UNITED STATES DISTRICT COURT