IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK REYES,

    Plaintiff,

v.                              No. CV 07-1213 BB/LFG

GEORGE TAPIA, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on a number of pleadings and motions (Doc. 21, 22, 23, 24, 25, 26, 27, 28, 29, 30) filed by Plaintiff, which the Court construes collectively as Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the

same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint Plaintiff asserts numerous claims against a large number of named Defendants. In summary, Plaintiff's claims are for failure to safeguard his well-being, sexual harassment, discrimination, property deprivation, interference with mail, denial of free exercise of religion, and retaliation. He seeks damages and equitable relief.

Plaintiff's allegations of property deprivations do not support a constitutional claim. He alleges that on several occasions, corrections staff confiscated or destroyed various items of his personal property. (Docs. 24, 25, 26.) Because these "actions were in violation of [corrections] policy. . . . [they are] the sort of unauthorized or random actions governed by *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). These cases hold that such a deprivation of property is not a due process violation if there is a meaningful postdeprivation remedy available." *Thomas v. N.M. Corr. Dep't*, No. 06-2224, 2008 WL 1696961, at *2  (10th Cir. Apr. 9, 2008). Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress these alleged deprivations, and thus due process was not violated even if the deprivations were intentional. Plaintiff's property claims, which the Court reads as directed against Defendants Griffen, Kerr, Cosby, Sheriff of Chaves County, Romero, Arias, and Santistevan, will be dismissed.

In one supplemental complaint (Doc. 27), Plaintiff disputes the evidence and the ruling in a disciplinary proceeding against him. These allegations do not support constitutional claims. As summarized by the Court of Appeals for the Tenth Circuit, the Supreme Court has "limit[ed] the due process rights inherent in a prison disciplinary hearing to the rights to (a) at least twenty-four hours

advance written notice of the claimed violation, (b) an opportunity to call witnesses and to present documentary evidence, and (c) a written statement by the factfinder detailing the evidence upon which the factfinder relied and the reasons for any disciplinary action." *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974)).  Plaintiff's allegations do not fall under the *Wolff* factors, and thus his disagreement with disciplinary authorities' use of evidence or their rulings does not amount to a § 1983 claim.  This claim, directed at Defendants Boyer, Fuller, Sena, and Griffo, will be dismissed.

Furthermore, on close review of the complaint, the Court finds that Plaintiff makes no factual allegations against Defendants Williams, Perez, Moya, Roybal, Shannon, Sanchez, and Santistevan affirmatively linking them to the various asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates.  *See id.*  The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that the Clerk is directed to add the names of Defendants Denis Royball, Sean O. Shannon, Michael P. Sanchez, Allen J. Griffen, Liane E. Kerr, Jesse R. Cosby, Sheriff of Chaves County, and Freddie J. Romero to the Court's docket.

IT IS FURTHER ORDERED that Plaintiff's claims of property deprivation and improper disciplinary proceedings are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Williams, Perez, Moya, Royball, Shannon, Sanchez, Griffen, Kerr, Cosby, Sheriff of Chaves County, Romero,

Santistevan, Boyer, Fuller, Sena, and Griffo are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 21, 22, 23, 27, 28, 29, 30), for Defendants Tapia, Manzanares, Staughtard, Brown, Bell, Ortiz, Marez, Martinez, Linsey, Pacheco, and Arias.

_____
UNITED STATES DISTRICT JUDGE