IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK REYES,

        Plaintiff,

v.                                           No. CIV 07-1213 BB/LFG

GEORGE TAPIA, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is again before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). Plaintiff Mark Reyes ("Reyes") is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. On November 29, 2007, Reyes filed a "notice" that was construed as a habeas petition brought under 28 U.S.C. § 2254. [Doc. 1.] The Court later allowed Reyes to file an amended complaint that was reassigned as a § 1983 civil rights complaint. [Doc. 20.]

In a Memorandum Opinion and Order issued August 18, 2008 [Doc. 32], the Court construed Plaintiff Mark Reyes' ("Reyes") § 1983 civil rights complaint to consist of a number of pleadings and motions filed by Reyes, beginning with his February 8, 2008 Amended Complaint and ending with a March 18, 2008 notice of retaliation – Doc. Nos. 21, 22, 23, 24, 25, 26, 27, 28, 29, 30.

After the Court's earlier review of Reyes' civil rights complaint, a number of defendants and claims were dismissed. [Doc. 32.] As of August 18, 2008, Reyes' remaining claims consisted of alleged failure to safeguard Reyes' well-being, sexual harassment, discrimination, interference with mail, denial of free exercise of religion and retaliation. The remaining Defendants were George

1

Tapia, Leonard Manzanares, Candis Stoddard, Joni Brown, Aaron Bell, Gerald Ortiz, Denis Mares, Leon Martinez, Charles Lindsey, Joseph Pacheco, and Johnny Arias.[1]  [Doc. 32.]

On October 16, 2008, the remaining Defendants filed their Answer, asserting, in part, that Reyes' allegations primarily concerned the period of 2006 to date, with the exception of Defendants Mares and Stoddard, against whom claims were made as far back as 1996 or 1997.  [Doc. 41, p. 2.] For the reasons below, a number of Reyes' claims are dismissed, with prejudice, regarding allegations concerning actions taken before November 2004, including the period 1996-1997.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Construing the allegations of the complaint in the light most favorable to Reyes, it is clear that any claims raised concerning alleged actions in 1996 or 1997 are untimely.  Reyes' § 1983 civil

---

[1] In their Answer, Defendants clarified the correct spellings of the Defendants' names.  [Doc. 41.]  Those spellings should be used in all future captions in this case.

rights complaint is subject to New Mexico's three-year statute of limitations for personal injury actions. See *Industrial Constructors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994) (noting actions under §1983 are "subject to the statute of limitations of the general personal injury statute in the state where the action arose") (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)); N.M. Stat. Ann. § 37-1-8 (1978). Thus, claims of unlawful activities occurring in 1996 or 1997 are barred by the three-year statute of limitations.

In Reyes' civil rights complaint [Doc. 21, p. 3], he alleges that Defendant Candis Stoddard was responsible for retaliation against Reyes in 1997. Reyes also alleges that he was "jumped" by gang members in the correctional facility and denied a transfer to Los Lunas Central New Mexico Correctional Facility in 1997. [Doc. 21, p. 13.] He further contends that certain unlawful actions were taken by Defendant Denis Mares in the property room in 1997. [Doc. 24, p. 7.]

In all likelihood, the claim involving alleged property deprivations in 1997, asserted against Defendant Mares, was already dismissed, with prejudice, by the Court's August 18, 2008 Memorandum Opinion and Order. [Doc. 32, p. 3.] However, there are other allegations concerning actions taken by Defendant Mares in 2007. [Doc. 24.] Thus, he will remain as a named Defendant, but any claims alleged against him before November 2004 are barred by the three-year statute of limitations.[2] Accordingly, the claims against Defendant Mares regarding alleged property deprivations from 1996 or 1997 and the claims concerning an alleged gang assault in 1997 are dismissed, with prejudice.

Similarly, the claim asserted against Defendant Stoddard for alleged retaliation in 1997 is dismissed, with prejudice, because it is outside the pertinent three-year limitations period. Because

---

[2] The first portion of Reyes' Amended Complaint was filed on February 8, 2008. [Doc. 21.]

Reyes' allegations against Stoddard [Doc. 21, p. 3] may be interpreted to include claims against her in more recent years for alleged retaliation and placement of Reyes in a gang unit, Stoddard also will remain as a named Defendant.

The Court further clarifies that any other allegations made by Reyes for actions taken against him before November 2004 are dismissed, with prejudice, because they are barred by the three-year statute of limitations.

IT IS THEREFORE ORDERED that Reyes' allegations of unlawful actions taken against him before November 2004 are barred by the three-year statute of limitations and are dismissed, with prejudice, including, but not limited to the allegations of retaliation against Defendant Stoddard, deprivation of property against Defendant Mares, and a gang assault in 1997.

IT IS FURTHER ORDERED that Reyes' remaining claims of alleged failure to safeguard his well-being, sexual harassment, discrimination, interference with mail, denial of free exercise of religion and retaliation, for the period of November 2004 to present, against Defendants Tapia, Manzanares, Stoddard, Brown, Bell, Ortiz, Mares, Martinez, Lindsey, Pacheco, and Arias will proceed.

_____
UNITED STATES DISTRICT JUDGE