IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK REYES,

      Plaintiff,

v.                                                                                                                         No. CIV 07-1213 BB/LFG

GEORGE TAPIA, LEONARD MANZANARES
CANDIS STODDARD, JONI BROWN,
AARON BELL, GERALD ORTIZ, DENIS MARES,
LEON MARTINEZ, CHARLES LINDSEY,
JOSEPH PACHECO, and JOHNNY ARIAS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**Introduction**

THIS MATTER is before the Court on three pleadings filed by Plaintiff Mark Reyes ("Reyes") on January 14, 2009: (1) motion for restraining order and request for transfer [Doc. 44], along with a supporting memorandum and exhibits [Doc. 45]; (2) motion for the Court to issue a warrant of arrest for Defendant Joni Brown for alleged false declarations [Doc. 46], along with a supporting statement and exhibits [Doc. 47]; and (3) Reyes' second request for appointment of counsel [Doc. 48]. In addition, on January 20, 2009, Reyes filed another "notice" alleging additional claims of retaliation. [Doc. 49.] On January 22, 2009, Defendants filed a response to Reyes' pleadings [Doc. 50], primarily arguing that Reyes' recent pleadings should not be construed as an attempt to add defendants to the case or amend the complaint.

1

**Background**

Reyes is currently incarcerated at the State Penitentiary in Santa Fe, New Mexico ("State Penitentiary"). In his § 1983 complaint, he alleges claims of failure to safe guard his well being, sexual harassment, discrimination, interference with his mail, denial of his right of free exercise of religion and retaliation against the above-named defendants.[1] Reyes has filed voluminous pleadings in this case, *see, e.g.,* Doc. Nos. 1, 5, 7, 8, 9, 10, 11, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and continues to file motions for the Court's resolution.

On August 18, 2008, the Court reviewed Doc. Nos. 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and collectively construed these pleadings as Reyes' civil rights complaint. [Doc. 32.] Subsequently, the Court reviewed Defendants' answer to the collective complaint and issued an Order[2] requiring that Defendants file a Martinez report by no later than March 16, 2009. [Doc. 42.] Reyes was advised in the Court's Order that he would then have time to file a response to the Martinez report once he receives it.

After the Court issued its Order requiring a Martinez report from Defendants, Reyes filed the present motions. While characterized as a motion for restraining order and request for transfer [Doc. 44], a motion for an arrest warrant [Doc. 46], and a motion for appointment of counsel [Doc. 48], some of Reyes' motions or supporting statements read more like stream of consciousness journal

---

[1] On August 18, 2008 and January 6, 2009, the Court conducted *sua sponte* reviews [Doc. Nos. 32, 42.] of Reyes' complaint and amendments to his complaint [Doc. Nos. 21-30], which resulted in the dismissal of several claims and a number of the many defendants Reyes originally identified in his pleadings. [Doc. 32.] In addition, the claims were narrowed to a three-year time frame. [Doc. 42.]

[2] In its Order directing Defendants to produce a Martinez report, the Court mistakenly stated that Reyes had no other pending § 1983 cases before this Court. [Doc. 43, pp. 2-3.] Reyes has one additional § 1983 case before this Court that was filed in 2008 – 08cv788 MV/DJS. That case is in the early stages. Two other cases filed by Reyes, Civ Nos. 08-102 WJ/RLP and 08-376 BB/WDS, were closed after Reyes voluntarily dismissed those cases.

2

entries, in which he may be attempting to raise new claims. The Court advises Reyes that no further amendments will be allowed to his civil rights complaint in this case.

The Court further advises Reyes that it will not accept any more filings from him without prior written court authorization. Thus, he must request prior permission from the Court before submitting any filings to the Court, including, but not limited to "notices," "supplements," "responses," "requests," or "motions." If Reyes fails to obtain prior court approval in writing before submitting a filing, that document will be returned to him without being filed in this case. The Court notes, however, that Reyes will be allowed to submit a timely response to the Martinez report, once the report is served on him. Reyes' response to the Martinez report should consist of a single pleading, rather than a number of separate "supplements" or "notices."

## Reyes' Motions

**I.      Motion for Restraining Order and Request for Transfer [Doc. 44]:**

Reyes asks that the Court issue a restraining order against the above-named Defendants and grant his request to transfer him to an "appropriate safe place for the duration of review and until any further trials . . . ." [Doc. 44.] In his accompanying statement and exhibits, Reyes argues, in part, that he has been denied law library access, he does not receive sufficient envelopes or writing paper to submit his pleadings to the Court, he is not allowed to make all of the legal telephone calls he seeks to make, he has been assaulted and subjected to drug testing that is not random, he was given a misconduct report for another inmate's urine test, he was strip searched in front of video cameras, his property was removed, including a number of books, he has been the victim of retaliation, and he has been prevented from taking "the only free writer's course that would accept [him] . . . ." [Doc. 45, pp. 1-5.]

Reyes then requests that he be transferred out of Santa Fe County for his safety and to secure his due process and equal protection rights. Specifically, he asks that he be transferred to Chaves County Detention Center, Roswell Correctional Center, or a correctional facility in Crowley, Colorado. [Doc. 45, "Request."] He also observes that he already filed a motion for "injunction [sic] preliminary relief" in this case.

The Court first notes that Reyes filed two different motions for injunctive relief in this case, both of which were denied. [Doc. Nos. 8, 16, 28, 33.] For essentially the same reasons set forth in the Court's Order entered August 27, 2008 [Doc. 33], the Court again denies Reyes' request for injunctive relief and a request for transfer.

A party seeking preliminary injunctive relief must show: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehab. Servs., 31 F.3d 1536, 1542-43 (10th Cir. 1994).

"Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Id. at 1543 (internal punctuation omitted). A preliminary injunction is an equitable remedy that invokes the sound discretion of the district court, and the burden is on the movant to make the requisite prima facie showing. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). In issuing a preliminary injunction, a court is attempting to preserve the power to render a meaningful final decision on the merits. Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986).

Preliminary injunctive relief in civil actions with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct any harm found by the court, and be the least intrusive means necessary to correct that harm.  In addition, the court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief, and shall respect the principles of comity between state and federal interests in tailoring any preliminary relief. 18 U.S.C. § 3626(a)(2); Nelson v. Campbell, 541 U.S. 637, 650 (2004).

Because the movant must establish all four elements of the claim for relief, Lundgrin, at 63, if any one of the elements is not supported, the requested injunctive relief must be denied.  While Reyes sets forth a litany of complaints about prison conditions, the Court does not find that he has satisfied any of the four elements required to show he is entitled to injunctive relief at this stage of the litigation.

Notwithstanding the Court's ruling, the Court does not disregard Reyes's allegations that he is being mistreated in prison and suffering retaliation as a result of his lawsuits.  In order to fully examine Reyes' remaining claims, the Court directed Defendants to provide a Martinez report in response to Reyes' allegations and will allow Reyes to respond to that report with support for his remaining claims.  The very purpose of the report is to develop the factual or legal basis for determining whether an inmate has a meritorious claim.  Thus, after a review of that information, the Court will be in a better position to review the merits of Reyes' claims.  At this point, however, Reyes has not met the legal standards for injunctive relief, and his motion for such relief along with his request for an immediate transfer, is denied.

**II.     Request for Arrest Warrant of Defendant [Doc 46]**:

In Reyes' "Motion and Notice of False Declarations to Court" [Doc. 46], he asks the Court to issue a warrant for the arrest of Defendant Joni Brown ("Ms. Brown") "for the criminal offense of a violation of the Federal Criminal Code, Criminal Offense, Perjury, generally section § False Declarations to a Grand Jury 'or' Court." [Doc. 46.] In support of this request, Reyes' attachments include his unsworn affidavit, copies of case law, phone call requests that were approved in January 2009, an excerpt from Reyes' previous pleadings concerning a 2005 remand of his underlying criminal conviction, Ms. Brown's affidavit that was attached to Defendants' Answer as Exhibit 7, and a printout of the Fifth Judicial District Court's docket in Reyes' underlying state criminal case, dating from June 2000 through July 2005. [Doc. 47.]

Reyes argues that Ms. Brown's affidavit was false and misleading because she attached a denial of Reyes' appeal in the underlying criminal case from 2006 that purportedly "deceive[d] the court and create[d] the appearance" that there was not a remand in 2005 as alleged by Reyes. In support of his claims against Ms. Brown, Reyes asserts that she "held him in disciplinary segregation in supermax level six status after she was notified in writing that he was no longer serving any sentence and that she refused to release [Reyes] from the unlawful treatment, and obstructed [his] preparation for trial even after a mandate was shown to her." [Doc. 47, p. 1.]

In the Court's earlier order requiring Defendants to provide a <u>Martinez</u> report, the Court noted at that time, it only had a few pleadings from Reyes' underlying criminal case, including the Judgment entered in 2006 and a denial of Reyes' appeal, issued in 2006. [Doc. 43, p. 3.] The Court indicated that there was nothing in the record to indicate Reyes' sentence was reversed or remanded in 2005. [Doc. 43, p. 3.]

Notwithstanding the Court's observations, based on its limited access to pleadings in the underlying criminal case, the Court still required Defendants to produce in their Martinez report, a timeline beginning in November 2004, outlining Reyes' periods of incarceration, including whether he was brought up on new charges in 2005 or 2006. [Doc. 43, p. 5.] In other words, while the Court did not know the underlying chronology regarding Reyes' state court conviction, it requested this information from Defendants. Thus, the Court will eventually be in the position to review Reyes' claim concerning the allegations directed at Ms. Brown in 2005.[3]

The Court reviewed Ms. Brown's affidavit, provided in support of Defendants' Answer, and finds no evidence that she attempted to misrepresent what occurred in Reyes' underlying criminal conviction or that she mislead the Court in any way. Because there is no basis to issue an arrest warrant, Reyes' motion is denied.

### III.     Request for Appointment of Counsel [Doc. 48]:

This is Reyes' second request for appointment of counsel. He states that he is not allowed to seek counsel at prison, make legal phone calls, or send free legal mail. In support of his motion, Reyes attached a letter to him from the Corrections Department responding to his letter in which he complained that the State Penitentiary was obstructing his right to self-representation by denying him legal phone calls and "attorney status." Reyes had requested that the facility provide him with

---

[3] The Court takes judicial notice of a decision issued by the New Mexico Court of Appeals on May 3, 2005, State v. Reyes, 137 N.M. 727 (Ct. App. 2005), in which the Court of Appeals reversed and remanded Reyes' case for a new trial. The reversal and remand, however, did not free Reyes from incarceration pending his new trial. According to the Court's decision, Reyes had proceed to trial with counsel even though he had attempted to waive trial counsel and represent himself. After the first trial, with assistance of defense counsel, Reyes was convicted of attempted first-degree murder and of being a felon in possession of a firearm. Reyes appealed based on the argument that he had voluntarily, knowingly and intelligently waived his right to counsel and was entitled to represent himself at trial. The Court of Appeals agreed and remanded so that Reyes could represent himself at trial. He was again convicted. He appealed that conviction as well, and the appeal was denied. Reyes, 137 N.M. 727; Doc. 41, Exhibits.

"private, direct, and unmonitored access to the telephone in the office area," and also stated that he intended to call Attorney Nancy Hollander, the Santa Fe DA, Governor Bill Richardson, the Court Clerk and others. In response to Reyes' requests, the Corrections Department informed him that the first thing Reyes needed to do was to write these individuals, advise them that he wished to speak to them by telephone, and determine whether they would accept his calls. [Doc. 48, Attachment.]

Reyes also attached his written request regarding the telephone calls to the Corrections Department, and the forms in which the Corrections Department denied his requests to call certain individuals. For example, in the form denying Reyes' request to call Attorney Hollander, the Corrections Department stated that Ms. Hollander was not representing Mr. Reyes and was declining his calls. With respect to other individuals Reyes sought to telephone, the denials indicated he did not meet policy requirements to contact the Santa Fe DA or the Governor of New Mexico.

In addition, Reyes attached a document entitled "Notice of Property Order," in which he claims he has not received certain "property that he has requested,[4] documents indicating certain telephone call requests in January 2009 were approved, letters from attorneys stating they could not take Reyes' case, and a notice from the Fifth Judicial District Court of a telephone conference in 2008. [Doc. 48, Attachments.]

Factors the Court weighs when considering a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" Rucks v.

---

[4]To the extent that Reyes attempts to resurrect his property claims, he is reminded that those claims were dismissed by the Court in an earlier Order. [Doc. 32.]

Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (*quoting* Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)).

In considering Reyes' request for appointment of counsel, the Court carefully reviewed Reyes' complaint and the many motions, notices, supplements and pleadings he has filed in this case. The Court routinely resolves the types of claims raised in Reyes § 1983 complaint. Such claims are not unusual, novel or complex. Having reviewed all of the pleadings and law in light of the above-mentioned factors, the Court finds that Reyes understands the issues in the case and appears to be representing himself in an intelligent and capable manner. Moreover, the Court observes that Reyes insisted on representing himself at trial in the underlying criminal proceeding (with the assistance of standby counsel), and that he argued he understand legal proceedings sufficiently to do so.

None of Reyes' arguments or exhibits support his request that counsel be appointed for him in this § 1983 proceeding. Thus, his request for appointment of counsel is denied.

## **Conclusion**

For purposes of clarity, to the extent that Reyes' January 14, 2009 motions or notice [Doc. Nos. 44, 46, 48, 49] attempted to raise new claims, those new claims are not part of this lawsuit. The claims that will be reviewed in this proceeding are those set out in the Court's Order [Doc. 43] directing Defendants to produce a Martinez report. Moreover, no further amendments of the complaint are allowed, and no additional pleadings should be filed by Reyes until he receives the Martinez report, at which point he will have the opportunity to respond to that report. Should Reyes seek to submit any other filings to the Court, he must first obtain approval in writing from the Court.

IT IS THEREFORE ORDERED that Reyes' motion for injunctive relief and immediate transfer [Doc. 44] is DENIED;

IT IS FURTHER ORDERED that Reyes' motion for the Court to issue an arrest warrant [Doc. 46] is DENIED;

IT IS FURTHER ORDERED that Reyes' second request for appointment of counsel [Doc. 48] is DENIED;

IT IS FURTHER ORDERED that no additional amendments to the complaint are allowed [Doc. 49]; and

IT IS FURTHER ORDERED that the Clerk of the Court will return to Reyes, without filing, any additional documents Reyes submits to the Court if Reyes did not request and receive prior court approval in writing. This does not apply to his response to the <u>Martinez</u> report, once that report is served on Reyes.

                                                                                     */s/ Bruce D. Black*
                                                          UNITED STATES DISTRICT JUDGE